UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CV471 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| CORNELL SMITH, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is a *pro se* letter (Doc. 74) from defendant Cornell Smith ("defendant" or "Smith"), requesting that this Court reduce his sentence, to which the government has filed a response (Doc. 75). As outlined more fully below, the Court construes defendant's letter as a motion to correct or reduce his sentence under Fed. R. Crim. P. 35(a), and because the motion is untimely under that rule, **DENIES** the motion.

I.  BACKGROUND

On August 4, 2010, following his conviction on one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250, the Court sentenced defendant to a period of imprisonment of forty-six months to be followed by ten years supervised release. On August 9, 2010, defendant filed an appeal with the Sixth Circuit. (Doc. 47.)

On October 25, 2011, the Court received and docketed a letter from defendant Smith dated October 19, 2011. In his letter, defendant alleges that at sentencing the Court mistakenly set his base guideline offense level at 16, and that the Court should have found, pursuant to the presentence report ("PSR"), that his offense level was 12. Consequently, defendant argues he should have only received thirty months incarceration and has asked that the

Court reduce his sentence accordingly. On October 26, 2011, the Court directed the government to respond to defendant's letter.

On October 27, 2011, the government filed its response, arguing that defendant's letter is without merit. (Doc. 75.) The government asserts that, in fact, the PSR stated that defendant's base offense level was 16. The government notes that defendant objected to this base offense level at sentencing, and that this Court, after considerable discussion on the record, overruled defendant's objection.

## II.    LAW AND ANALYSIS

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 858 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Pursuant to 18 U.S.C. § 3582(c), a court may resentence a defendant under very specific and limited circumstances, only one of which is relevant here. Under § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]"[1] Defendant has not cited any statute or authority that "otherwise expressly permits" the reduction requested. Accordingly, the Court construes his letter as a motion for reduction in his sentence pursuant to Rule 35.

---

[1] Section 3582(c) also provides that a court may modify a term of imprisonment upon the motion of the Director of the Bureau of Prisons ("BOP"), and in the case of a defendant sentenced pursuant to a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2). The BOP has not filed a § 3582(c)(1)(A) motion in this case, nor is there any indication that the Sentencing Commission has lowered the sentencing range that the Court applied in this case such that a modification would be appropriate under § 3582(c)(2). Thus, neither of these provisions is applicable here.

Rule 35 provides, in pertinent part, that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Sixth Circuit has held that "[t]he authority to correct a sentence conferred by Rule 35(a) is 'extremely limited.' " *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (quoting *United States v. Arroyo,* 434 F.3d 835, 838 (6th Cir. 2006)). The time limit contained in Rule 35 is jurisdictional; a district court only retains jurisdiction to correct a sentence pursuant to Rule 35(a) within the 7-day time limitation imposed. *United States v. Vicol*, 460 F.3d 693, 695-96 (6th Cir. 2006). Here, defendant did not move to correct his sentence until more than 14 months after the Court sentenced him, and thus his motion is untimely. Accordingly, the Court lacks jurisdiction under Rule 35(a) to consider defendant's motion, and it is therefore **DENIED**.

In any event, even if the Court retained jurisdiction, the Court already considered the issues raised by defendant's letter at the sentencing hearing in this case. The Advisory Committee Note to Rule 35 makes clear that:

> The [rule] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35 advisory committee's note. *See also United States v. Galvan-Perez,* 291 F.3d 401, 406-07 (6th Cir.2002) (noting that a sentencing judge may not use Rule 35(a) to alter a discretionary decision merely because he later had a "change of heart"). "Unless an error is an 'obvious error or mistake' that would have resulted in a remand by the appellate court, it is outside of Rule 35(a)'s narrow purview." *Houston*, 529 F.3d at 749 (quoting *Arroyo,* 434 F.3d at

838)). Here, defendant has failed to identify any error, much less an obvious error, in the Court's calculation of defendant's base offense level. The Court applied the sentencing guideline as indicated in the PSR, considered defendant's objection thereto, and overruled that objection for the reasons stated on the record. Accordingly, defendant's motion is without merit.

Finally, the Court notes that defendant filed a notice of appeal, and "[t]he traditional rule is that a 'timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.' " *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (quoting *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993)).

### III. CONCLUSION

For the reasons set forth above, defendant's motion for correction or reduction of his sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 23, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**